**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0005454**
**05-MAY-2015**
**08:09 AM**

NO. CAAP-13-0005454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
WAYNE LEE, SR., Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 12-1-0161)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Wayne Lee, Sr. (Lee) appeals from the Judgment of Conviction and Probation Sentence, filed on November 6, 2013, in the Circuit Court of the Third Circuit (circuit court).[1]  Lee was convicted for Habitually Operating a Vehicle Under the Influence of an Intoxicant (Habitual OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61.5 (2007 & Supp. 2014) and Driving While License Suspended or Revoked, in violation of HRS § 286-132 (2007).[2]

---

[1]  The Honorable Glenn S. Hara presided.

[2]  HRS § 291E-61.5 provides in pertinent part:

> **§291E-61.5 Habitually operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of habitually operating a vehicle under the influence of an intoxicant if:
>
> > (1)  The person is a habitual operator of a vehicle while under the influence of an intoxicant; and

(continued...)

In the circuit court, Lee filed a motion to suppress the results of his breath alcohol test, which the circuit court denied. Lee then entered a conditional guilty plea and was convicted. He was convicted for Habitual OVUII because, within ten years of the instant June 23, 2011 offense, Lee had three prior convictions for operating a vehicle under the influence of an intoxicant.[3] For his Habitual OVUII conviction, Lee was

---

[2] (...continued)

    (2)    The person operates or assumes actual physical control of a vehicle:

        (A)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

        (B)    While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

        (C)    With .08 or more grams of alcohol per two hundred ten liters of breath; or

        (D)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

    (b)    For the purposes of this section:

. . . .

    A person has the status of a "habitual operator of a vehicle while under the influence of an intoxicant" if the person has been convicted three or more times within ten years of the instant offense, for offenses of operating a vehicle under the influence of an intoxicant.

    (c)    Habitually operating a vehicle while under the influence of an intoxicant is a class C felony[.]

HRS § 286-132 provides:

    §286-132 Driving while license suspended or revoked. Except as provided in section 291E-62, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked.

[3] Lee was previously convicted for Operating a Vehicle Under the Influence of an Intoxicant on May 5, 2010, November 5, 2008, and March 5, 2003.

2

sentenced to five years probation and special terms including incarceration for one year, with all but ninety days stayed on condition of compliance with the terms of probation and with credit for time served.  For his conviction for Driving While License Suspended or Revoked, Lee was sentenced to thirty days jail with credit for time served, to run concurrently with the sentence for Habitual OVUII.

On appeal,[4] Lee contends that the circuit court erred by denying his motion to suppress the results of his breath alcohol test because (a) he should have been advised of his right to consult with counsel prior to being asked whether he would submit to testing, (b) he was misled and/or inadequately advised as to his right to consult an attorney and thus he did not knowingly and voluntarily consent to the breath test,[5] and (c) based on Missouri v. McNeely, 133 S.Ct. 1552 (2013), the police violated his rights under the Fourth Amendment in obtaining the results of his breath test.[6]

Upon a careful review of the issues raised, the arguments made by the parties, the record, and the applicable legal authorities, we resolve Lee's points of error as follows and affirm.

Based on the evidence adduced at the hearing on Lee's motion to suppress, Lee was stopped for a traffic violation on June 23, 2011, when he disregarded a red stop light in making an

---

[4]  Lee does not raise any issues on appeal related to his conviction for Driving While License Suspended or Revoked.

[5]  Lee also argues on appeal that a specific provision of the Implied Consent Form misled him as to the penalties for refusal to submit to testing, but he did not raise this argument in the circuit court.

[6]  The decision in McNeely was issued on April 17, 2013, after the circuit court in this case had issued its April 9, 2013 oral ruling on Lee's motion to suppress, but before the circuit court entered its July 15, 2013 written order denying the motion to suppress.  Lee entered his guilty plea on July 25, 2013.  Counsel for Lee did not raise any issues related to McNeely in the circuit court and did not request reconsideration in light of McNeely. Nevertheless, given that McNeely was issued so close in time to when the circuit court was ruling on Lee's motion to suppress, we will consider Lee's arguments on appeal based on McNeely.

3

illegal left turn.  The arresting police officer, Officer Gabriel Wilson (Officer Wilson), testified that upon stopping Lee he detected some kind of odor of alcoholic beverage coming from Lee. Based on this observation, Officer Wilson conducted a field sobriety test and Lee showed signs of impairment.  Lee was arrested and transported to the Hilo police station, where he was read verbatim the "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing Form."[7]  Lee signed the Implied Consent Form and consented to the breath test.  The result of Lee's breath test was .091 grams of alcohol per 210 liters of breath, which is over the legal limit.  During the suppression hearing, Lee testified that he would have contacted an attorney if advised that he could, but he also testified that he understood the Implied Consent Form which had been read to him by Officer Wilson.

The issues raised by Lee in this appeal were considered and rejected by this court in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), cert. granted No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014).  Based on the decision in Won,

---

[7]  The Implied Consent Form states in relevant part:

   1. Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons breath, blood, or urine as applicable.

   2. You are not entitled to an attorney before you submit to any tests or tests to determine your alcohol and/or drug content.

   3. You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given, except as provided in section 291E-21; however, if you refuse to submit to a breath, blood or urine test, you shall be subject to up to thirty days imprisonment and/or a fine of up to $1,000 pursuant to section 291E-68 and/or the sanctions of section291E-65 [sic], if applicable.  In addition, you shall also be subject to the procedures and sanctions under Chapter 291E, part III.

4

therefore, the circuit court did not err in denying Lee's motion to suppress the results of his breath test.

Given that Lee's breath alcohol content exceeded the legal limit and he had three prior convictions for driving under the influence within ten years of the instant offense, Lee was properly convicted under HRS § 291E-61.5.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence, filed on November 6, 2013, in the Circuit Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, May 5, 2015.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Kevin S. Hashizaki
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge